Nathan Griswold, Jr. vs. Amos W. Barnum.

Addison,
January,
1833.

Griswold
vs.
Barnum.

That an administrator's indorsement of a negotiable note will enable the endorsee to maintain an action in his own name against the maker, where there is no insolvent representation of the estate, nor any matters of off-set under our statute to embarrass such action.

That, where there is a representation of insolvency, or pleas in offset against the estate of the payee, all must be decided according as the rights existed on the day of the decease of the payee.

This action was commenced before the City Court of Vergennes, upon a note, executed by the defendant, and made payable to one James J. Winans or his order, in six months from the date ; and bearing date April 1♯th, 1830. Winans has since deceased, and his widow, Ida Winans, has been duly appointed administratrix of his estate ; and she, as such administratrix, assigned this note to the plaintiff. The declaration presents these facts as a ground of recovery. To this declaration, the defendant demurred ; and the only objection, raised to it, was, that the administratrix had no power to assign the note, so as to enable the plaintiff to sustain an action it in his own name.

The City Court adjudged the declaration sufficient ; and the defendant excepted to this decision ; and the action is removed to this Court, under the provisions of the late statute.

*Argument for the defendant.*—The defendant in this case contends, that an administrator of an intestate estate has no power, by the laws of this State, to endorse over a promissory note made payable to the intestate or order, and, by such endorsement, give power to the endorsee to maintain an action in his own name against the payor of the note. This power cannot be derived from an act of the Legislature of this State. passed October 30, 1798, entitled, " An act allowing endorsees to maintain actions in their own names"—Stat. p. 144—neither by an act passed previous to that, in relation to the negotiability of notes, which was repealed by the act of 1798, as neither of these acts contemplate or mention any power relating to administrators. By the common law, no power was given to the endorsees of notes to maintain actions in their own names previous to

Addison,
January,
1833.

Griswold
vs.
Barnum.

the Statute of Anne ; neither was the power given by the law merchant. The common law has been adopted in this State, so far as it is applicable to our local situation and circumstances, and is not repugnant to our constitution. We are not aware, that a statute of England constitutes a part of the common law adopted by this State, or that the law merchant has been adopted with us.—If so, why the necessity of making special provisions by our statutes in relation to the negotiability of notes? A full and elaborate exposition of the Statute of Anne, as also the Statute of our State, in relation to the transfer and negotiability of notes, is given in the 1st vol. Vt. Rep. p. 316, in the case of *Matthews* vs. *Hall.*

The defendant also contends, that an administrator has no right, by the Probate Law of this State, to assign a chose in action to a third person, and give the assignee power to maintain an action in his own name.—Stat. p. 332, and subsequent acts. As this power is not given by the act in relation to the negotiability of notes, neither by any special provision in the Probate Law, the question is now reduced into the single point, whether this power can be derived from the common law or the law merchant.— This point the defendant contends has been settled in this State, in the case *Jarvis* vs. *Barkers*, adm'rs, 3 Vt. Rep. p. 445, in which the Court say, the equitable interest of an intestate may be conveyed by an administrator; but the nominal pl'ff or defendant cannot be changed. From this case it would appear, that the administrator of the intestate might have power to assign over a note due the intestate ; yet should an action be commenced against the pay- or by the assignee, it might be deemed tantamount to de- claring on a new instrument. It will be seen in the case of *Woodbridge* vs. *Austin,,* 2 Tyler's Rep. p. 364, that, by the custom of merchants, a curator of an intestate estate has no power to endorse notes, and allow the endorsee to to maintain an action in his own name. And, if this power is given by the laws of Canada, it is incumbent on the plaintiff to show the right of the endorsor to make such transfer. The common law of England has not been adopt- ed by the Province of Lower Canada; but the civil law constitutes the principal basis of their unwritten or com-

mon law.  In the case of *Lee* vs. *Havens*, Bray. Rep. p. 93, it was decided, that an administrator in another state could not endorse a note against a citizen of this state, so as to convey any right to the endorsee.   Kent's Commentaries, Vol. 3, p. 44, (notes) points out how far the statute of 3 and 4 of Anne has been adopted in different states.

ADDISON,
January,
1833

Griswold
vs.
Barnum.

*Argument for the plaintiff.*—The only point involved in this case is, whether an administrator can legally endorse a note payable to his intestate or order, so as to enable the endorsee to sustain an action upon it in his own name.

By the common law of England, previous to the statute 3 and 4 Anne, the negotiability of notes thus drawn, appears to have been a *doubtful* question; and, but for the hostility of Judge Holt, they would probably, without any statutory provision, have been placed upon the same ground in Westminster Hall, as inland bills of exchange ; which, by the *lex mercatoria*, were thus negotiable.

The statute 3 and 4 Anne was produced rather by the pertinacity of Judge Holt's opinions, than by any serious doubt of what the common law was upon the subject.— The statute is referred to as recited in Chitty on Bills, p. 662.—Its preamble shows, that the question had been agitated as to the common law, and that it was passed for the very purpose of putting the rights of endorsees at rest.

Before the passage of any statute upon the subject in this State, and while the only subsisting rule was that to be found in the English common law, Chief Justice Chipman gave the people of this State, as his opinion, that " notes payable to order, are, on every just, legal, and equitable principle, assignable by endorsement; and that an endorsee might rightfully maintain an action in his own name upon the note :" and further, that, as this subject might then be considered, in this State, as *res integra*, we were not obliged to follow the reasons and policy of the English law ; but were at liberty to make such decisions as should, in a general view, be agreeable to justice and the nature of the transaction.   Reasons of a similar character were entertained and expressed by this Court in the case of *Matthews* vs. *Hall*, 1 Vt. Rep. p. 316 ; where, treating the subject before them as one not before agitated

Addison,
January,
1833.

Griswold
vs.
Barnum.

here, they recognize the justice, convenience, and under-standing of the people generally upon the question, as reasons for the establishment of a rule of decision, which might be considered as part of the common law of Vermont.

The fact, that this question was doubtful in England, created the Statute of Anne. In this State, before the passing of any statute, the principle seems to have been recognized upon its own equity, convenience, and justice.

The Statute of this State (Revised Statutes of 1824, p. 144) does not contain the name of an executor or administrator. Nor does the Statute of Anne. But, under the latter statute, it has always been holden in England, that they were both entitled to the benefits of it. And the only distinction made, as to them is, that by the endorsement, they bind themselves in their *individual capacities*, and not simply in their *official characters.—Rawlinson* vs. *Stone*, 3 Wilson's Rep. 1.—2 Strang. Rep. 1260.—Barnes' Notes, 164.—Kyd on Bills, 107.—Chitty on Bills, 159.

The case of *Lee* vs. *Havens*, (Bray. Rep. 93) where the endorsee of an administrator was not permitted to maintain his action, turns altogether upon the fact, that the administrators resided in another State, and that no administration had been taken out in this.

The plaintiff contends, First, That the equity of the case is against the defendant—no doubt existing as to the note being justly due.

Second, That, without referring to the English common law, or the statute 3 and 4 Anne, upon principles of convenience, equity, justice, and the general understanding of the people of this State, the judgement should pass in his favor.

Third, That the Statute of Vermont, (Revised Laws of 1824, p. 144) takes away no right which the plaintiff had before; and that, if he could have maintained an action previous to its passage, he can maintain one now.

Fourth, That, if the Statute 3 and 4 Anne has any application to this case, it is only so in reference to the rule of construction, which is applicable to our own. Both statutes are *remedial* ones, and are to be construed *liberally.*—Chitty on Bills, 420.

HUTCHINSON, C. J. alluded to the foregoing facts of the case, and delivered the following opinion of the Court.— We must presume, that the administration upon the estate of Winans, deceased, was regularly granted in this State. The allegation in the declaration imports a regular administration, and, this is confessed by the demurrer. The only question before us, therefore, is, whether the indorsement by the administratrix, gives the plaintiff a right of action in his own name upon this note. We think the action well lies upon such an indorsement, when no impediments are presented, which arise from the provisions of our Statutes, for the settlement of estates. At common law, after the decease of the holder, the right of transfer is vested in the executor or administrator. But he thereby renders himself personally liable, should the bill or note be dishonored. See Chitty on Bills, 159, as cited by Counsel; 139 in the edition before me.

If the estate of Winans had been represented insolvent, and commissioners appointed under our Statute, the mutual claims on both sides must have been before them for adjustment, or be barred and lost; and these claims would necessarily all be considered and adjusted as they stood at the decease of Winans, and no transfer of the note could be sanctioned, which would defeat these mutual offsets before the commissioners.

No such impediment is presented in this case. There is no representation of insolvency as in the case cited of *Jarvis* vs *the administrator of E. Barber.* No offset is brought to view in the pleadings. Nothing but the action on the note in the name of the endorsee. We consider the declaration good and sufficient; and affirm the judgement of the County Court.

*Woodbridge & Son.* for defendant.
*Tucker,* for plaintiff.